

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

2002 APR 30 AM 11:05

RECEIVED AND FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA LUGO-TORRES, et al.

    **Plaintiffs,**

v.

WALTER TORRES-MALDONADO, et al.

    **Defendants**

CIVIL NO. 97-2440(JAG)

---

### MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

On March 22, 2002, Magistrate-Judge Aida Delgado issued a report and recommendation as to defendants's dispositive motions. (Docket No. 88.) With one exception (discussed below), neither plaintiffs nor defendants have objected to the various recommendations made by Magistrate-Judge Delgado. Since the time for filing objections has elapsed, the Court <u>adopts</u> them and will enter partial judgment as appropriate.



Two defendants, Walter Torres Maldonado ("Torres") and José Franqui González ("Franqui"), timely filed objections to the report and recommendation. (Docket No. 94.) The Court has reviewed the record *de novo*, and concurs with the Magistrate-Judge's conclusion as to these defendants's specific objections.



Accordingly, the Court adopts the report and recommendation in its entirety.

## DISCUSSION

A.  <u>Defendant Franqui's Objections</u>

Franqui objects to the report and recommendation on two separate grounds. First, he contends that the Magistrate-Judge erred when finding that plaintiffs had "met their burden of establishing a prima facie case of political discrimination" against him. (Docket No. 94 at 2.) Second, Franqui argues that the Magistrate mistakenly concluded that he was not entitled to qualified immunity. (<u>Id.</u> at 2-5, 6-10.)

As to his first objection, Franqui contends that plaintiffs never had a conversation with him about politics or any other topic that could lead them to believe that he was aware of their political affiliation. Franqui then concludes that, since he was allegedly unaware of the plaintiffs's political affiliation, there cannot be any liability for political discrimination against him. The Court disagrees.

Franqui correctly notes that plaintiffs acknowledge that they never "spoke directly" with him about a subject from which they could prove that he was aware of their political affiliation. Plaintiffs, however, further contend that such

2

knowledge can be inferred (that is, proved circumstantially), inter alia, from Franqui's deposition testimony, as well as from the meeting's minutes from the Southwest Consortium's Board of Mayors. Based upon the Court's review of the record, the Court agrees that there is a genuine dispute of material fact as to whether Franqui was aware of plaintiffs's political affiliation and was moved by a desire to discriminate against them when he signed the letters informing that their contracts would not be renewed.

For similar reasons, the Court finds that Franqui is not entitled to qualified immunity on plaintiffs's claims of political discrimination. The Court has examined the evidence proffered by plaintiffs, and concludes that there are factual issues as to the nature of Franqui's conduct, as well as to the motivation behind his conduct, with respect to the actions he undertook in 1997.

After affording plaintiffs every reasonable inference that can be made from the record, as the Court must do at this stage, the Court concludes that there are factual issues as to the essential elements of plaintiffs's political discrimination claim that preclude the Court from bestowing Franqui with the protections afforded by the qualified immunity defense. The

facts on record, when viewed objectively, permit a finding that Franqui knew or should have known that his conduct violated clearly established statutory or constitutional rights of the plaintiffs.

The granting of summary judgment based on objective reasonableness grounds of the qualified immunity defense is not appropriate where, as here, there is a factual issue as to an essential element of plaintiff's claim that bears on the determination of the objective reasonableness of the defendants' actions. See Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997). Accordingly, the Court will adopt the Magistrate-Judge's recommendation and will deny Franqui's motion for summary judgment on this score.

B.   Defendant Torres's Objections

Torres's objections need not detain the Court long. He contends that the Magistrate-Judge applied an erroneous standard of review when concluding that plaintiffs had proffered sufficient evidence to create a genuine dispute of material fact as to Torres's personal involvement in the alleged violation of plaintiffs's rights. (Docket No. 94 at 5-6.) Even if the defendants are correct, the Court's *de novo* review of the record, pursuant to the summary judgment standard as set forth in Fed. R.

Civ. P. 56, plainly shows that plaintiffs have presented enough evidence to create a genuine issue of material fact as to Torres's personal involvement in the contract non-renewal decision. Accordingly, the Court will adopt the Magistrate-Judge's report and recommendation on this issue as well.

## CONCLUSION

Since there are no further objections to the Magistrate-Judge's report and recommendation, the Court <u>adopts</u> it in its entirety, and will enter judgment accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 25th day of April, 2002.

JAY A. GARCIA-GREGORY
U.S. District Judge

5