## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROSA M. LUGO TORRES, ET AL.** | **CIVIL NO. 97-2440 (JAG)** |
| Plaintiffs | |
| v. | |
| **WALTER TORRES MALDONADO, ET AL.** | **CIVIL RIGHTS, DAMAGES, INJUNCTION AND TRIAL BY JURY** |
| Defendants | |

## MOTION FOR WRIT OF EXECUTION

Come now the plaintiffs, through the undersigned legal representation, and state as follows:

1.      On June 13, 2003, this Court issued a "*Settlement Conference Report*" which in pertinent part reads as follows:[1]

> The Court met with counsel for a settlement conference. Following discussion, the parties have agreed to settle the case for the total amount of $600,000, to be apportioned among plaintiffs as they deem appropriate. Payment of the settlement amount shall occur within 120 days from the date of this Order.
>
> The Court will enter judgment dismissing the case without prejudice pending payment of the stipulated amount. After payment is made, the parties shall move the Court for entry of an amended judgment dismissing the case with prejudice.

2.      A judgment in accordance with the foregoing order was issued on even date.[2]

Accordingly, the one hundred twenty days (120 ) days timetable to pay the settlement amount

---

[1]  Docket No. 193.

[2]  Docket No. 194.

started ticking on June 13, 2003.  That brought the payday to October 11, 2003.

> 3.      In time, all the municipalities comprising defendant Southwestern Consortium

paid their shares of the judgment, except for the Municipality of Maricao.

> 4.      Upon a contempt hearing held on November 17, 2003, the Court entered an order

which reads as follows in pertinent part:

> On August 27, 2003, defendant Southwestern Consortium
> ("Consorcio Suroeste") and other codefendants in this case entered
> into a settlement agreement (Docket No. 196). In said agreement,
> the Consorcio Suroeste agreed to pay plaintiffs $600,000.00. The
> Court approved the settlement agreement and has retained
> jurisdiction over the matter until payment is fully satisfied (See
> Docket 14 No. 199).

> As of this date, nine (9) out of the ten (10) municipalities that
> comprise the Consorcio Suroeste have made available to plaintiffs
> 9/10 of the settlement sum, to wit, $540,000.00. The Municipality
> of Maricao, however, has not provided its 1/10 share as of this
> date. More so, the Consorcio Suroeste does not have any monies to
> satisfy the remaining sum owed, as its funds are entirely federal
> grants which cannot be used to satisfy a judgment in a political
> discrimination case such as this.

> P.R. Laws Ann. tit. 21 § 4051 (p) allows municipalities to form a
> consortium. Once the participating municipalities have approved
> its creation, the same enjoys separate juridical personality, as
> would a partnership under the Puerto Rico Civil Code. Id.

> Pursuant to Articles 1588 and 1589 of the Civil Code, P.R. Laws
> Ann. tit. 31 § § 4371 and 4372, the members of a partnership are
> jointly and severally liable for the debts incurred by the partnership
> which exceed its assets. Asociación de Proprietarios v. Santa
> Bárbara Co.,112 D.P.R. 33, 49 (1982); In re San Juan Dupont
> Plaza Hotel Fire Litigation, 687 F. Supp. 716, 722 (D.P.R. 1988).
> More so, pursuant to Article 1590 of the Code, P.R. Laws Ann. tit
> 31 § 4373, a creditor may attach either a debtor's patrimony or his
> participation in a partnership. See Torruella Serrallés v. Crédito e
> Inv. San Miguel, 113 D.P.R. 24, 34 (D.P.R. 1982); In re Torruella
> Serrallés, 684 F. 2d 170, 170 (1st Cir. 1982).

> Given the above, the Municipality of Maricao is hereby
> ORDERED to deposit in this Court within seven (7) days the sum
> of $60,000. The failure to do so shall result in an order of
> attachment.
>
> The U.S. Marshal shall serve copy of this order on the Municipality
> of Maricao and its Mayor, the Hon. Gilberto Pérez.

5.      Instead of complying with the Court's order, the Municipality of Maricao asked

for an additional sixty (60) days to pay its share of the settlement monies, a petition granted by

the Court.[3]

6.      The sixty (60) days passed and the Municipality of Maricao did not comply with

the Court order.  Accordingly, plaintiffs resorted again to this Court for help.[4]

7.      Upon the Court's instructing the Municipality of Maricao to show cause why it

should not be found in contempt,[5] the Municipality deposited half of the $60,000.00 and

requested still another extension of time to pay the remaining $30,000.00.[6]

8.      The Court acquiesced to this new request by the Municipality of Maricao and

ordered as follows:[7]

> The Municipality of Maricao is hereby advised that they have until
> April 21, 2004 to deposit the remaining funds. No further
> extensions shall be granted.  In addition, should the Municipality
> not deposit the funds by the due date, this Court shall impose
> sanctions in the amount of one thousand dollars ($1,000.00) per

---

[3] Docket No. 233.

[4] Docket No. 235.

[5] Docket No. 236.

[6] Docket No. 237.

[7] Docket No. 239.

day for each day of noncompliance after the deadline.

9.    Today, April 23, 2004, two (2) days past the deadline last set by the Court for the Municipality of Maricao's depositing the due monies, and one hundred ninety five (195) days after the original day of reckoning, it has neither deposited the amount owed, nor has it paid the two thousand dollars ($2,000.00) imposed by the Court in its last order on account of sanctions.

WHEREFORE, plaintiffs pray to the Court to order the Clerk thereof to issue a writ of execution of judgment against the Municipality of Maricao in the amount of $30,000.00 of principal, plus $1,000.00 on account of sanctions for each day after April 21, 2004, until the amount owed is satisfied.

Respectfully submitted in San Juan, Puerto Rico, this April 23, 2004.

S/Pablo Landrau Pirazzi
U.S.D.C.P.R. No. 203113
Attorney for the plaintiffs
Aldarondo & López Bras
ALB Building
16 P.R. Road 199 - Suite 400
Guaynabo, Puerto Rico 00969
Tel. No. (787) 474-5447
Fax. No. (787) 474-5451
E-mail: plandrau@alblegal.net

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 23, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

                                    S/Pablo Landrau Pirazzi
                                    U.S.D.C.P.R. No. 203113
                                    Attorney for the plaintiffs
                                    Aldarondo & López Bras
                                    ALB Building
                                    16 P.R. Road 199 - Suite 400
                                    Guaynabo, Puerto Rico 00969
                                    Tel. (787) 474-5447
                                    Fax. No. (787) 474-5451
                                    E-mail: plandrau@alblegal.net